UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08784-RGK-SK | Date | October 24, 2023 |
|---|---|---|---|
| Title | *Maria Martin v. FedEx Ground Package System, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy**

On August 25, 2023, Maria Martin ("Plaintiff") filed a Complaint against FedEx Ground Package System ("FedEx") and Samantha Grey,[1] alleging claims for violations of California's Fair Employment and Housing Act, declaratory judgment, and wrongful termination. (ECF No. 1-1.) On October 18, 2023, FedEx removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) But upon review of FedEx's Notice of Removal, the Court hereby **ORDERS** FedEx to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a

---

[1] As explained in the Notice of Removal, Grey is a non-diverse party, as both she and Plaintiff are citizens of California. FedEx nonetheless argues diversity of citizenship because Grey is a sham defendant. Specifically, FedEx argues that each of Plaintiff's claims against Grey fail as a matter of law. To be clear, the Court makes no ruling on this issue. In seeking to invoke diversity jurisdiction, FedEx must demonstrate both diversity of citizenship and the requisite amount in controversy. The Court's Order focuses only on the latter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08784-RGK-SK | Date | October 24, 2023 |
|---|---|---|---|
| Title | *Maria Martin v. FedEx Ground Package System, Inc. et al* | | |

preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

     Here, Plaintiff seeks damages for lost wages, damages for emotional distress, punitive damages, and attorneys' fees. In support of removal, FedEx calculated Plaintiff's salary at the time of her termination to have been $3,071.25 per month. Since Plaintiff lost her job on December 23, 2021, she is owed about 21.692 months of backpay for $66,621.56—less than the $75,000 amount in controversy requirement. FedEx attempts to make up this difference by relying on Plaintiff's requests for front pay, emotional distress damages, punitive damages, and attorneys' fees. However, these amounts appear to be speculative, at best. For example, FedEx adds an extra year's salary as front pay based on an assumption that this matter will take at least 12 months to be resolved. (Notice of Removal ¶ 25a.) Similarly, FedEx estimates that Plaintiff's emotional distress damages would exceed $50,000 on the assumption that other damages awards are commensurate with this case. (*Id.* ¶ 25b.) FedEx further suggests that attorneys' fees could range from $50,000 to $100,000. (*Id.* ¶ 25c.) FedEx has offered little evidence to support any of these potential awards. The Court declines to speculate over these awards at this time.

     Accordingly, the Court finds that FedEx has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |