UNITED STATES DISTRICT COURT JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-08784-RGK-SK | Date | October 31, 2023 |
| Title | *Maria Martin v. FedEx Ground Package System, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On August 25, 2023, Maria Martin ("Plaintiff") filed a Complaint against FedEx Ground Package System ("FedEx") and Samantha Grey, alleging claims for violations of California's Fair Employment and Housing Act, declaratory judgment, and wrongful termination. (ECF No. 1-1.) On October 18, 2023, FedEx removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) On October 24, 2023, the Court ordered FedEx to show cause that the amount in controversy requirement was satisfied for diversity jurisdiction. (ECF No. 11.) On October 30, FedEx responded. (ECF No. 14.) Upon review of FedEx's Response, the Court finds that the amount in controversy has not been established and hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08784-RGK-SK | Date | October 31, 2023 |
|---|---|---|---|
| Title | *Maria Martin v. FedEx Ground Package System, Inc. et al* | | |

controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Here, Plaintiff seeks damages for lost wages, damages for emotional distress, punitive damages, and attorneys' fees. In support of removal, FedEx calculated Plaintiff's salary at the time of her termination to have been $3,071.25 per month. Since Plaintiff lost her job on December 23, 2021, she is owed about 21.692 months of backpay for $66,621.56—less than the $75,000 amount in controversy requirement. FedEx attempts to make up this difference by relying on Plaintiff's requests for front pay, emotional distress damages, punitive damages, and attorneys' fees. However, as the Court pointed out in its Order to Show Cause, these amounts appear to be speculative, at best. FedEx offers little to no evidence to suggest that Plaintiff would be entitled to additional damages based on the length of a potential trial or that her emotional distress damages, punitive damages, or attorneys' fees would reach a certain threshold. FedEx does not assuage these concerns in its Response.

Accordingly, the Court finds that FedEx has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement. In light of the foregoing, the Court **REMANDS** the action to state court for all further proceedings. Additionally, FedEx's Motion to Dismiss (ECF No. 13) is **DENIED as moot**.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 23STCV20487

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |